

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE R. DILLON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security, )<br>)<br>Defendant. ) | Case No. 07 C 3652<br><br>Magistrate Judge<br>Arlander Keys |

## MEMORANDUM OPINION AND ORDER

On May 8, 2008, the Court issued a Memorandum Opinion and Order remanding Lawrence Dillon's case to the Commissioner of Social Security. Shortly thereafter, Mr. Dillon's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Dillon is the prevailing party; indeed, the Commissioner does not contest such. Nor does the Commissioner argue that the government's position in litigating

the case was substantially justified, as it was not. Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification; a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). But in this case, neither was true. As the Court explained in its May 8, 2008 opinion, by considering Plaintiff's alcohol addiction prior to determining whether he was disabled, the ALJ failed to comply with Social Security Regulations. Further, the Court expressed its concern with the ALJ's rejection of the findings of Plaintiff's physician simply because Plaintiff's counsel arranged for the doctor's evaluation and the doctor was likely paid for it. In addition, the Court found the ALJ to have selectively relied on the findings of another physician. Finally, the Court held that the ALJ improperly relied solely on the Medical-Vocational Guidelines, "the GRID," without having analyzed Plaintiff's limitations and without having consulted a vocational resource or expert.

Having found that Mr. Dillon is a prevailing party and that the Commissioner's position seeking to affirm the ALJ's findings, despite the aforementioned deficiencies, was not substantially justified, the Court finds that an award of fees pursuant to the

EAJA is appropriate. Accordingly, the amount to be awarded must be determined. In his initial application, Mr. Dillon's counsel seeks to recover fees totaling $8,259.75.[1] The fee request includes: 45.15 hours of attorney time billed at the rates of $165.00/hour for 2007 and $171.25/hour for 2008. Additionally, counsel seeks payment for 6.35 hours of law clerk time billed at a rate of $125.00/hour. In his reply brief, counsel seeks another .5 hour of attorney time billed at the rate of $171.25/hour, and 2 hours of law clerk time billed at a rate of $125.00/hour (for a total of $335.63). Thus, in total, Mr. Dillon's counsel seeks costs in the amount of $8,590.38.

Though the Commissioner does not challenge Mr. Dillon's status as prevailing party, nor whether the litigation was substantially justified, he does argue that an award of the full amount of fees sought by Plaintiff is inappropriate, as Plaintiff's counsel failed to establish that the fees sought are reasonable. Specifically, he contends that the total number of hours claimed and the hourly rate at which Plaintiff's attorney billed for the services of his law clerk, are excessive. Further, the Commissioner argues that as a result of multiple parties working on the same documents, a number of the hours billed are duplicative. Consequently, the Commissioner seeks to

---

[1] Though Plaintiff asserts that the amount due is $8,259.75, based upon figures provided by counsel, the Court finds the actual amount to be $8,254.75.

3

have such hours reduced. The Court notes that Plaintiff has the burden of establishing the reasonableness of the requested fees. *Harris v. Barnhart*, 259 F.Supp. 2d 775, 782 (E.D. Wis. 2003)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The Court will, in turn, address each of the Commissioner's arguments.

I. **Hours Expended**

Because the case was "a relatively routine, disability case, with a transcript containing only 302 pages," the Commissioner contends that the time expended by counsel and his staff was excessive. Plaintiff's counsel (Daley) spent 12.4 hours on the case, an associate attorney (Jones) spent an additional 33.25 hours, and the firm's law clerk (Blaz) contributed another 8.35 hours, for a total of 54 hours.

The Commissioner cites multiple out-of-circuit cases for the proposition that 20-40 hours represent a reasonable amount of time spent on a Social Security case. As the Court in *Williams v. Sullivan* opined,

> Given the degree to which disability benefits cases vary widely in terms of the number of issues presented, the bulk of the administrative record, and overall complexity, this Court is unwilling to speculate as to whether there is a 'typical' or 'average' number of hours reasonably spent in these cases which may be used as a benchmark in evaluating fee petitions.

No. 86 C 7220, 1990 U.S. Dist. LEXIS 4585, at *21 (N.D. Ill. April 18, 1990). Consequently, that the number of hours claimed

4

exceeds 40, without more, is not persuasive. However, the Commissioner further argues that the number of hours expended is unreasonable considering the firm of Plaintiff's counsel represented Plaintiff throughout the administrative proceedings. The Court agrees. While the Court notes that the attorney that represented Plaintiff during the proceedings (David Bryant) and the lawyer who drafted Plaintiff's Motion for Summary Judgment (Kimberly Jones) differ, as members of the same firm, Ms. Jones undoubtedly had access to Plaintiff's file, which contained notes and case law regarding the arguments set forth during the administrative proceedings. To be sure, Plaintiff's Motion for Summary Judgment contained the same four arguments found in Plaintiff's Memorandum in Support Of His Request for Review of Hearing Decision/Order. Though Plaintiff's counsel argues that "any similarities between the Appeals Council memo and Ms. Jones' brief are simply because similar errors were recognized," the Court notes that not only were the arguments "similar" but they also were made in the exact same order. While the Court acknowledges that Ms. Jones' arguments were more developed, it believes that Ms. Jones had access to the work previously done in the matter. Therefore, the time spent on certain tasks was excessive, requiring reductions. *See Hensley*, 461 U.S. at 434 (fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). Consequently, counsel will not be allowed

to recover fees for all of the time claimed.

Further, the Court notes that some of Plaintiff's billing entries appear to reflect time spent by counsel's head law clerk/paralegal on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks). Consequently, the Court will not allow counsel to recover fees for this time.

## II. Duplicative Time

The Commissioner argues that the time spent working on the same documents, by two attorneys and one law clerk, was duplicative and should be excluded from the fee request. In preparing Plaintiff's Motion for Summary Judgment, a total of 24.85 hours was expended; Attorney Daley spent 3.5 hours, Attorney Jones contributed 19 hours, and law clerk Blaz spent 2.35 hours. Further, 20.2 hours were spent preparing Plaintiff's reply brief. This includes 5.85 hours by Daley, 14.25 hours by Jones, and .1 hour by Blaz.

Several instances are cited by the Commissioner, which he alleges, represent redundant work. Specifically, he contends that Daley and Jones both worked on the brief and reply brief. He further argues that because Jones is a "relatively inexperienced attorney with regard to social security disability

litigation," she was inefficient and the government should not be made to pay for such inefficiency. Courts have routinely approved fee requests in which a junior attorney prepared a draft, a senior attorney reviewed and made suggestions, and the junior attorney then spent time incorporating the suggested revisions. *See, Holland v. Barnhart*, No. 02 C 8398, 2004 U.S. Dist. LEXIS 1364, at *5-6 (N.D. Ill. Feb. 2, 2004)("[T]he billing submissions . . . show that [senior attorney] edited [junior attorney's] work and made suggestions, which [junior attorney] then spent time incorporating into the drafts. We find this joint effort appropriate and proper in this case."); *Steele v. Barnhart*, No. 99 C 5455, 2002 U.S. Dist. LEXIS 21462, at *6-7 (N.D. Ill. Nov. 4, 2002)("[I]t is perfectly reasonable that an attorney spend several hours drafting a document, have a senior attorney review it, discuss that attorney's comments, and spend several hours incorporating the suggestions."). While the Court finds Daley's initial review of Jones' work reasonable, it does not believe the same to be true for the second and even third review (in the case of Plaintiff's Motion for Summary Judgment). The Court finds the subsequent reviews to be inefficient and wasteful, especially in light of the fact that the same law firm represented Plaintiff prior to and in doing so, raised the same arguments, which necessitated some of the same research that was used in Plaintiff's subsequent brief. Further, the Court is

7

strained to comprehend the necessity of the law clerk's review of the brief, though it had been "reviewed/edited" by Jones on November 6, 2007, and would subsequently be reviewed by Daley on November 13, 2007; November 14, 2007; and November 16, 2007. As the Court finds some of the time to be redundant, it will not permit counsel to recover fees for all of this time.

### III. Law Clerk's Hourly Rate

The Commissioner does not challenge the attorney hourly rates proposed by counsel, and the Court finds that they are reasonable. However, the Commissioner does maintain that the rate of $125.00/hour for the services of counsel's law clerk is excessive.

Plaintiff's counsel failed to demonstrate why a rate of $125.00/hour is warranted, the Commissioner alleges. In support of its requested rate, Plaintiff cites the experience level of his law clerk and relies on the *Laffey Matrix*, which states that paralegals and law clerks were billed at a rate of $120/hour in 2007. The Court agrees that Blaz is experienced, having worked as a head law clerk/paralegal in excess of 5 years at the time that the brief was filed. And while a great deal of work performed by Blaz in this case is not the kind which would require either the advanced skills of a law clerk or paralegal (drafting forms, sending copies, receiving forms), Plaintiff's submissions indicate that she drafted both the petition for fees

8

and the subsequent reply, which arguably do require such skill. In light of her experience, the Court finds a fee $125.00/hour reasonable.

**IV. Hours Allowed**

Taking the above into account, the Court will allow counsel to recover fees for 34.5 hours of attorney time billed in 2007 (at the rate of $165.00/hour); 2.3 hours of attorney time billed in 2008 (at a rate of $171.25/hour); and 4.91 hours of law clerk time (at the rate of $125.00/hour), for a total fee award of $6,700.13

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Dillon and awards fees as requested, except to the extent explained above. Consistent with the EAJA, and in accordance with the assignment executed by Mr. Dillon, the Court awards fees, payable to Frederick J. Daley, in the amount of $6,700.13.

Dated: October 24, 2008

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT